UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-1 Ramiah Jefferson,
D-9 David Lamar Gay,

        Defendants.

_____/

Case No. 14-20119

Honorable Nancy G. Edmunds

## OPINION AND ORDER DENYING DEFENDANTS'
## MOTIONS FOR A BILL OF PARTICULARS [165, 174]

This matter comes before the Court on Defendant Ramiah Jefferson's motion to dismiss and for a bill of particulars [174] and Defendant David Lamar Gay's motion for a bill of particulars. [165]. Defendants Evan Johnson and Drakkar Cunningham join in both Jefferson's and Gay's motions. [178, 182]. Defendant Everette George joins in Jefferson's motion only. [179]. The Court held a hearing on these motions on May 27, 2015. For the reasons stated below, both motions are DENIED.

## I.   Background

On March 4, 2015, the government filed its third superceding indictment charging Jefferson and Gay, as well as six other co-defendants, with RICO conspiracy and various related offenses. Specifically, Defendants are charged with:

**Count One**: RICO Conspiracy,18 U.S.C. § 1962(d)—Defendants Jefferson, Cunningham, Johnson, Garnes, Alexander George, Harvey, Turner, and Gay

**Count Two**: Murder in Aid of Racketeering Activity, 18 U.S.C. § 1959(a)(1)—Defendant Gay

**Count Three**: Using and Carrying a Firearm During and in Relation to a Crime of Violence Causing Death, 18 U.S.C. § 924(j)—Defendant Gay

**Count Four**: Assault With a Dangerous Weapon in Aid of Racketeering Activity, 18 U.S.C. § 1959(a)(3)—Defendant Everette George

**Count Five**: Using and Carrying a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)—Defendant Everette George

**Count Six**: Possession of a Firearm in Furtherance of a Crime of Violence—Defendants Jefferson, Cunningham, Johnson, Garnes, Alexander George, Harvey, Turner, and Gay

In addition to the RICO conspiracy, Count One of the indictment also contains a "Notice of Acts With Enhanced Sentencing." (Dkt. 152, Third Superceding Indictment at 26-27.) This Notice alleges that from on or about January 2009 through the date of the indictment Jefferson and Johnson "knowingly and intentionally conspired to commit acts of murder"; that on or about February 4, 2009, Gay and "Person L knowingly and intentionally killed M.R."; and that from on or about June 23, 2007 through the date of the indictment, Jefferson, Cunningham, Johnson, Garnes, Alexander George, Harvey, Turner, and Gay conspired to commit acts of robbery while possessing dangerous weapons.

The charges arise out of Defendants participation in the Bounty Hunters. The third superceding indictment alleges that from roughly 2007 to May 4, 2015 (the date of the indictment), members of the Bounty Hunters engaged in a number of criminal acts, including murder, robbery, arson, weapons possession, and federal drug violations. The indictment alleges that the purposes of the gang included: preserving, expanding, and protecting its power, territory, and prestige through intimidation and violence; promoting and enhancing the gang through criminal activity; keeping victims, potential witnesses and community members in fear of the gang through violence; confronting and retaliating

against rival gangs; and maximizing profits for the gang generated by criminal activities, including dealing in weapons and narcotics. The indictment alleges 73 overt acts committed in furtherance of the conspiracy.

Since the indictment has been filed, the government has distributed multiple rounds of discovery materials consisting of the information that forms the basis for the charges in the indictment. This material included federal, state, and local law enforcement reports, civilian witness statements, recordings, and photos derived from multiple search warrants.

## II.  Standard of Review

The decision to order a bill of particulars is within the discretion of the Court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars has the following purposes: (1) to ensure that the defendant understands the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same crime. *United States v. Brimley*, 529 F.2d 103, 108 (6th Cir. 1976). It may not be used "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375.

The allegations which give sufficient notice of the charge can be minimal. *See United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (indictment charging use of a firearm in connection with a drug offense held sufficient under Rule 7(c)(1) of the Federal Rules of Criminal Procedure even though the indictment did not mention the particular drug offense in which the firearm was used); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (indictment setting out the objective, means, method, and overt acts of the charged

conspiracy held sufficient because it provided sufficient notice of the charges and the basis for a double jeopardy defense).

### III. Analysis

### A. Defendants' Motions

Gay seeks a bill of particulars setting forth: (1) each act that makes him culpable of a RICO conspiracy (Count I); (2) each act that makes him culpable of murder in aid of racketeering (Count II); (3) each act that makes him culpable of using and carring a firearm during and in relation to a crime of violence (Count III); (4) each act that makes him culpable of possession of a firearm in furtherance of a crime of violence (Count VI); and (5) a description of all acts committed by any co-defendant during the time frame of the conspiracies alleged.

Jefferson argues that the Notice of Enhanced Sentencing in Count One and Count Six of the indictment fail to provide notice of the charges against him and must be dismissed. In the alternative, Jefferson seeks a bill of particulars as to these counts. With respect to the Notice of Enhanced Sentencing, Jefferson requests that the government identify: (1) any and all acts by which Jefferson intentionally conspired to commit acts of murder; (2) any relationship the alleged conspiracy to commit murder had to the Count One RICO enterprise; and (3) any act by which Jefferson conspired to commit acts involving robbery and use of a dangerous weapon. With respect to Count Six, Jefferson requests that the government identify: (1) any acts by which Jefferson possessed or aided and abetted the unlawful possession of a firearm as alleged in Count Six; (2) any and all dates on which Jefferson unlawfully possessed or aided and abetted the unlawful possession of

a firearm as alleged in Count Six; and (3) any individual Jefferson aided and abetted as alleged in Count Six.

## B. Discussion

### 1. Gay's Requests

Gay is not entitled to a bill of particulars for Counts One, Two, or Three of the indictment because each reasonably informs Gay of the nature of the charges against him. An indictment reasonably informs a defendant of the crime charged where it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Count One contains 73 overt acts, of which Defendant Gay is referred to in four. Counts Two and Three specify both the elements of the crime alleged, the date the crime occurred, and expressly refer back to overt acts listed in Count One. This is more than sufficient to inform Gay of the charges against him.

Gay is also not entitled to a description of all acts committed by any co-defendant during the time frame of the conspiracy. "A bill of particulars may not be used to compel the government to provide essential facts regarding the existence and formation of the conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modification on other grounds*, 801 F.2d 378 (11th Cir. 1986). The government is also "not required to furnish the name of all other co-conspirators in a bill of particulars." *Crayton*, 357 F.3d at 568. Here, Gay is not seeking to clarify or understand the nature of the charges

against him. Rather, he is improperly using his motion "as a tool . . . to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375.

Furthermore, the government has already provided Defendants (including Gay) with at least four rounds of discovery. This discovery has provided them sufficient information to present a defense and to avoid unfair surprise. *See United States v. Martin*, 516 F. App'x 433, 455 (6th Cir. 2013) ("A bill of particulars is meant to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. [It] is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.").

### 2. Jefferson's Requests

Jefferson argues that Count Six and the Notice of Enhanced Sentencing in Count One are not specific enough to provide him with notice of the charges against him and must be dismissed. The Court disagrees. Although the Notice and Count Six themselves do not list specific acts taken by Jefferson, they each must be read together with the 73 overt acts listed in the indictment. The overt acts allege Jefferson's involvement in multiple plots involving murder and robbery as well as numerous examples of offenses involving possession of firearm in furtherance of a crime of violence. Combined with the extensive discovery that the government has already provided, Jefferson has sufficient notice of the basis of the Notice of Enhanced Sentencing and Count Six. For this reason, Jefferson is also not entitled to a bill of particulars.

## IV. Conclusion

For the foregoing reasons, Defendants' motions are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager