UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

D-9 David Lamar Gay,

    Defendant.
_____/

Case No. 14-20119

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION DISMISS TO THE INDICTMENT [167]**

This matter comes before the Court on Defendant David Lamar Gay's motion to dismiss the indictment. [167]. Defendants Evan Johnson, Drakkar Cunningham, and Gerald Turner join the motion. [178, 182, 203]. Gay argues that because the indictment only charges him with acts committed before his eighteenth birthday, the Court lacks jurisdiction over his prosecution under the Federal Juvenile Delinquency Act (FJDA). 18 U.S.C. §§ 5031, 5032. The Court held a hearing on this motion on May 27, 2015. For the reasons stated below, Gay's motion is DENIED.

**I.   Background**

On March 5, 2014, a federal grand jury handed down a six-count indictment charging Gay (and eight co-defendants) with various offenses, including RICO conspiracy. 18 U.S.C. § 1962(d). The charges arise out of Gay's involvement in the Bounty Hunters. In addition to RICO conspiracy, Gay is also charged with murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), using and carrying a firearm during and in relation to a crime of violence

causing death, 18 U.S.C. § 924(j), and possession of a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c).

The allegations against Gay concern his role in the murder of Marquise Robinson on February 4, 2009, when Gay was seventeen years old. Gay, and his co-defendant, Jayjuan Watts, were prosecuted in Wayne County. Gay was initially charged with felony murder, but the charge was later reduced to accessory after the fact. He pleaded guilty to this charge and cooperated with the prosecution by testifying against Watts at trial. (Def.'s Mot., Ex. A, Cooperation Agreement.) Watts was convicted of first degree murder.

At the trial, Gay testified that the murder was motivated by Watts's desire to rob Robinson. The government states that in late 2013, however, during its investigation of the Bounty Hunters, law enforcement learned that the murder was not actually motivated by this desire. Instead, law enforcement learned that Gay aided and abetted Watts in a premeditated homicide in retaliation for Robinson's refusal to defend Gay during an assault by a rival gang. Based on this information, the government indicted Gay, now twenty-two years old, for his role in a RICO conspiracy, for murder in aid of racketeering, and for using a firearm during a crime of violence causing death.

## II.   Analysis

Under the FJDA, the government may not proceed against "juvenile" defendants for acts of "juvenile delinquency" in federal court unless the Attorney General certifies that jurisdiction is warranted. 18 U.S.C. § 5032. The FJDA defines "juvenile" as "a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday." *Id.* § 5031. And it defines an act of "juvenile delinquency" as "the

violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult . . . ." *Id.*

Gay argues that the Court lacks subject matter jurisdiction under the FJDA because the government is proceeding against him for acts committed before his eighteenth birthday. In other words, because he is a "juvenile" who has been charged with an act of "juvenile delinquency." This is incorrect. Although the conduct in question occurred when Gay was under eighteen years old, he is not a "juvenile" for the purposes of the FJDA because he was indicted after his twenty-first birthday. *See United States v. Blake*, 571 F.3d 331, 344 (4th Cir. 2009) (holding that the FJDA does not apply to a defendant who committed criminal acts prior to his eighteenth birthday but was not indicted until he was over twenty-one years old); *United States v. Wright*, 540 F.3d 833, 839 (8th Cir. 2008) (same); *United States v. Hoo*, 825 F.2d 667, 669 (2d Cir. 1987) (same); *In re Martin*, 788 F.2d 696, 697-98 (11th Cir. 1986) (per curium) (same); *United States v. Araiza-Valdez*, 713 F.2d 430, 433 (9th Cir. 1980) (same). Because he is not a "juvenile" as defined by the FJDA, the FJDA does not deprive this Court of subject matter jurisdiction.

The cases Gay relies on are inapposite. Gay cites both *United States v. Maddox*, 944 F.2d 1223 (6th Cir. 1991) and *United States v. Machen*, 576 F. App'x 561 (6th Cir. 2014) for the proposition that when the government proceeds against a defendant for an age-of-majority spanning conspiracy, the government must prove that the defendant "ratified" his membership in the conspiracy after he turned eighteen for the Court to have jurisdiction under the FJDA. *Maddox* and *Machen* do discuss a ratification requirement. 944 F.2d at 1233; 576 F. App'x at 565. This requirement, however, only exists when a defendant was

3

between the ages of eighteen and twenty-one at the time of the indictment. It does not apply to defendants indicted when older than twenty-one. As explained in *Machen*:

> Under the Federal Juvenile Delinquency Act (FJDA), the government may not proceed in federal court against a defendant under the age of twenty-one for acts the defendant committed before turning eighteen unless the government "certifies" that certain conditions are met and that federal jurisdiction is appropriate. 18 U.S.C.§§ 5031, 5032. However, *a defendant between the ages of eighteen and twenty-one* charged with participation in a conspiracy that spanned his eighteenth birthday may be proceeded against in federal court as an adult, for actions committed as an adult, without certification. In such cases, the government must make a "threshold showing" that the defendant "ratified" his participation in the conspiracy after he turned eighteen and the defendant's guilt may not be premised on his conduct as a minor. *See United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir.1991).

*Machen*, 576 F. App'x at 562 (emphasis added). The reason for this is that when a defendant is between the ages of eighteen and twenty-one at the time of the indictment, the FJDA bars the government from proceeding against that defendant for acts of "juvenile delinquency" (i.e., "violation[s] of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult"). 18 U.S.C. §§ 5031, 5032. When a defendant indicted between the ages of eighteen and twenty-one ends his membership in a conspiracy *before* his eighteenth birthday, he has only committed an act of "juvenile delinquency," and the FJDA bars prosecution. However, when a defendant indicted between the ages of eighteen and twenty-one *ratifies* his participation in the conspiracy *after* his eighteenth birthday, then the conspiracy is no longer considered an act "juvenile delinquency," and the FJDA does not bar prosecution.

For defendants indicted on conspiracy charges between the ages of eighteen and twenty-one then, the question of whether they ratified their participation in the conspiracy after their eighteenth birthday is crucial. Here, on the other hand, because Gay was

4

indicted after his twenty-first birthday, the question of whether he ratified his participation in the conspiracy after his eighteenth birthday is irrelevant. As discussed earlier, the FJDA does not consider defendants indicted over the age of twenty-one to be "juvenile[s]," and accordingly does not apply to them, regardless of whether they committed an act of "juvenile delinquency" or not. *See Hoo*, 825 F.2d at 669-70 (holding that the FJDA did not apply to a defendant charged with a RICO conspiracy for acts committed before his eighteenth birthday because the defendant was over the age of twenty-one at the time of the indictment). Because Gay is not a "juvenile," the government does not need to prove that he ratified his membership in the conspiracy after his eighteenth birthday for the Court to have jurisdiction under the FJDA.

Gay also argues that the Court should dismiss the indictment because "the delay in prosecution until after age 21 was intentionally orchestrated against [him] in order to avoid the protection of juvenile jurisdiction and to gain a tactical advantage in violation of his due process rights." (Def.'s Mot. at 3.) A dismissal of an indictment because of pre-indictment delay is required only when the delay causes "substantial prejudice" to the defendant and is "an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 423 (1971). The government's decision to indict Gay after his twenty-first birthday does not violate his due process rights and does not require a dismissal of the indictment. In *United States v. Hoo*, 825 F.2d 667, 671 (2d Cir. 1987), cited by Gay, the court rejected this same argument where "the delay in filing the indictment was due entirely to legitimate considerations, such as the need to obtain evidence and the difficulties that necessarily arise in a complex RICO investigation." 825 F.2d at 671. The government's

5

decision in this case was based on the same legitimate considerations, and there is no suggestion that it was motivated in any way by a desire to gain a tactical advantage.[1]

### III. Conclusion

For the foregoing reasons, Gay's motion is DENIED.

SO ORDERED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: June 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2015, by electronic and/or ordinary mail.

       s/Carol J. Bethel
       Case Manager

---

[1] Defendants Johnson, Cunningham, and Turner joined in Gay's motion to dismiss. Like Gay, each was over 21 years old at the time of the indictment. Therefore, these Defendant's are also not "juveniles" under the FJDA. Nor have they shown that any delay in filing the indictments against them violated their due process rights.